# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FRANCISCO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-CV-968 SRW |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Michael Francisco's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 31. On May 24, 2022, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Five Thousand Six Hundred Twenty-Five Dollars and Ninety-Two Cents ($5,625.92). This amount is based on 24.7 hours of attorney work at $227.77 per hour. Plaintiff requests compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff further requests the award of attorney's fees be made payable to Kristen Van Fossan based upon the Assignment of EAJA Fee agreement. *See* ECF No. 32-3.

The Commissioner filed a response which states, "After discussions with Plaintiff's counsel, Plaintiff and Defendant have agreed to an award of EAJA fees and expenses in the amount of $5,500." ECF No. 33. The Commissioner requests the EAJA fee to be payable to Plaintiff as the litigant, which may be subject to offset to satisfy a pre-existing debt that the

litigant owes to the United States. *Id*. Plaintiff filed a reply indicating he has "no objection to the Defendant's Response and further agrees to the adjusted fee amount of $5,500.00." ECF No. 35.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated May 24, 2022, the Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 29, 30. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). However, the hourly rate should be increased where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 32-2. The Court agrees with Plaintiff that a cost-of-living increase is appropriate.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds he is entitled to the agreed upon adjusted fee amount of $5,500.00. Despite Plaintiff's request for the Court to make the fee payable directly to Kristen Van Fossan, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrue v. Ratliff*, 560 U.S.

2

586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Michael Francisco's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act [ECF No. 31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of Five Thousand Five Hundred Dollars ($5,500.00).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Michael Francisco, subject to any pre-existing debt which the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel at Kristen N. Van Fossan, Dennis W. Fox and Associates, 211 N. Broadway, Suite 2400, St. Louis, Missouri 63102.

So Ordered this 12th day of September, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE